THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KIVA UNITED ENERGY,<br><br>                Plaintiff,<br>v.<br><br>FLASHPOINT ENERGY PARTNERS, LLC; and BRANON MORSE,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-250 TC DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are three related motions. Plaintiff's Motion to Compel[1] and Motion for Amended Scheduling Order,[2] and Defendants Motion for Protective Order.[3] The court addresses the motions as set forth herein.

BACKGROUND

Plaintiff Kiva United Energy (Kiva) is a wholesale propane supplier. This industry, according to Kiva, is extremely competitive and very sensitive to price volatility. To help mitigate these risks, Kiva utilizes proprietary information and trade secrets, including "strategic supply contracts with various propane producers."[4] Kiva also maintains proprietary customer lists, contacts, and strategies for competing against other suppliers.

Defendant Brannon Morse worked for Kiva in a variety of positions. Ultimately, he was promoted to a director level role as the Director of Sales Marketing for the United States and Canada. Kiva alleges this position gave him access to its confidential and proprietary

---

[1] ECF No. 59.

[2] ECF No. 60.

[3] ECF No. 67.

[4] Second Amended Complaint at 4.

information. Kiva claims Morse signed certain confidentiality and non-compete agreements. On October 13, 2023, Morse resigned and is now working as a "so-called consultant" for Defendant Flashpoint Energy Partners, LLC (Flashpoint).[5] Kiva argues Morse breached the agreements he signed, and Defendants violated the Defend Trade Secrets Act of 2016,[6] and Utah Uniform Trade Secret Act.[7] Plaintiff's Second Amended Complaint clarifies that the breach of contract claim against Morse arises out of a confidentiality agreement he signed in July 2009.[8]

The current disputes center on information sought by Kiva in discovery requests, Defendants seeking a protective order to stay their obligations to respond to those requests, and a request by Kiva to extend the discovery deadlines.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure, which governs discovery in cases such as this, provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[9]

Relevance, as viewed in the discovery context, is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense."[10]

---

[5] *Id.* at 12.

[6] 18 U.S.C. § 1836 et seq.

[7] Utah Code Ann. § 13-24 et seq.

[8] Second Amended Complaint ¶¶ 27-35, 57-61.

[9] Fed. R. Civ. P. 26(b)(1).

[10] *Allegis Inv. Servs. v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515, 2018 WL 11319514 at *2 (D. Utah May 25, 2018) (unpublished).

"Information within this scope of discovery need not be admissible in evidence to be discoverable."[11]

Kiva served the discovery requests at issue here on September 8 and October 31, 2024, and "Defendants responses to the Requests were due on October 15 and November 30,2024."[12] Defendants did not serve responses. However, on October 15, 2024, the parties filed a joint motion to stay discovery.[13] On December 5, 2024, Plaintiff filed a Second Amended Complaint, and on the following day, December 6, 2024, Defendants' Motion to Dismiss was denied without prejudice.[14] In that order, the court also deemed the parties' Joint Motion to Stay moot noting the need for a new scheduling order.[15]

Before Defendants responded to the Second Amended Complaint, and two weeks after the court's December 6th order, Plaintiff filed the current discovery motion and a Motion for Amended Scheduling Order.[16] Defendants did not oppose the Motion for Amended Scheduling Order and given the court's prior decision noting the need for a new scheduling order, the undersigned GRANTS the Motion for Amended Scheduling Order. The parties are to submit a new proposed schedule to the court for consideration within seven days of this order that takes into consideration the court's additional rulings.

The history in this case and the court's December 6th order provides guidance for the parties' discovery dispute. First, Plaintiff's argument that Defendants waived their objection by

---

[11] Fed. R. Civ. P. 26(b)(1).

[12] Plaintiff's Motion to Compel at 2; *see also* the attachment to Plaintiff's Motion to Compel which contains the discovery requests. ECF No. 59-1.

[13] ECF No. 39.

[14] Order Denying Without Prejudice Motion to Dismiss, ECF No. 58.

[15] *Id.* at 2.

[16] ECF No. 60.

not responding to the requests is rejected. The parties jointly filed a motion to stay discovery on October 15, 2024. That motion was then ruled on in December. Thus, based on Plaintiff's own agreement, there was no requirement to respond to the discovery until at least after the joint motion was ruled upon. Additionally, Kiva filed a Second Amended Complaint in the intervening time frame further complicating responses to its discovery requests and delaying resolution of this matter. Plaintiff cannot play procedural games to prevail on its motion by agreeing to stay discovery, file a Second Amended Complaint, and then argue Defendants have waived objections by not responding to discovery requests.

Next, both parties assert the other possesses key evidence in this case. Kiva argues it is Defendants that possess key evidence regarding "Morse's solicitation of Kiva's customers, what he sold them, and Morse's misappropriation of Kiva's trade secrets."[17] Meanwhile, Defendants focus on the authenticity of the "undated Agreement" Kiva "maintains Morse signed."[18] Defendants argue it should be produced to its forensic expert to determine authenticity before Defendants respond to discovery because whether the Agreement is authentic will have a large impact on the claims in this case. Defendants also seek the metadata and communications surrounding the Agreement.

The court finds that both parties should proceed with their respective discovery requests and both sides should respond. Defendants' arguments that they should first determine the authenticity of the Agreement before providing discovery are unpersuasive. Although the Agreement's authenticity will impact the case, other claims in Kiva's Second Amended Complaint do not rely solely on the Agreement's authenticity. The parties are reminded there is a

---

[17] Plaintiff's Opposition to Defendants' Joint Motion for Protective Order at 2.
[18] Defendants' Joint Motion for Protective Order at 1.

protective order governing the production and handling of sensitive business and trademark information in this case. So, production of such information should not be delayed simply because it is sensitive.

ORDER

Based on the factual record in this case and the court's prior order, the undersigned orders as follows:

Defendants are to file an Answer to the Second Amended Complaint within fourteen days of this order. After filing an Answer, Defendants will then have thirty days to respond to Plaintiff's discovery requests.

Plaintiff is to respond to Defendants' discovery requests within thirty days from the date of this order. The parties are also to arrange a mutually agreeable time for Defendants' expert to inspect the original Agreement at issue in this case. That inspection date may be more than thirty days from the date of this order based on the schedule of the parties, but it is not to be more than sixty days from the date of this order.

The Motion for Amended Scheduling Order is GRANTED.

Plaintiff's Motion to Compel is DENIED WITHOUT PREJUDICE and may be renewed, <u>if necessary,</u> after the parties fully cooperate in the discovery process including an adequate meet and confer.

Further, the court DENIES Defendants' Motion for Protective Order seeking to stay their obligation to respond to Plaintiff's discovery until the results of their expert analysis on the authenticity and date of the Agreement. Discovery is to proceed for all parties.

Finally, the court finds no basis to award either party attorney fees or costs in bringing or responding to motions. It is a lack of coordination and cooperation by all parties that has given rise to the current disputes. Thus, all requests for attorney fees or costs are DENIED.

IT IS SO ORDERED.

DATED this 18 February 2025.

_____
Dustin B. Pead
United States Magistrate Judge