THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KIVA UNITED ENERGY, <br><br> Plaintiff, <br><br> v. <br><br> FLASHPOINT ENERGY PARTNERS, LLC; and BRANNON MORSE, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:24-cv-250 TC DBP <br><br> District Judge Tena Campbell <br><br> Chief Magistrate Judge Dustin B. Pead |

Defendant Brannon Morse moves the court to stay discovery while his Motion for Summary Judgement is pending.[1] As set forth herein the court denies the motion.

## BACKGROUND

Plaintiff Kiva United Energy (Kiva) is a wholesale propane supplier. This industry, according to Kiva, is extremely competitive and very sensitive to price volatility. To help mitigate these risks, Kiva utilizes proprietary information and trade secrets, including "strategic supply contracts with various propane producers."[2] Kiva also maintains proprietary customer lists, contacts, and strategies for competing against other suppliers.

Defendant Brannon Morse worked for Kiva in a variety of positions. Ultimately, after being promoted to a director level role, he resigned to be a consultant for Defendant Flashpoint Energy Partners, LLC (Flashpoint).[3] Kiva argues Morse breached the agreements he signed, and Defendants violated the Defend Trade Secrets Act of 2016,[4] and Utah Uniform Trade Secret

---

[1] ECF No. 89. Defendant moved for summary judgment and a stay of discovery in the same filing.

[2] Second Amended Complaint at 4.

[3] *Id.* at 12.

[4] 18 U.S.C. § 1836 et seq.

Act.[5] Plaintiff's Second Amended Complaint clarifies that the breach of contract claim against Morse arises out of a confidentiality agreement he signed in July 2009.[6]

Morse filed a Motion for Summary Judgment on August 1, 2025. In the motion Morse also requests the court stay discovery pending a decision on the summary judgment motion. Defendant argues Kiva has failed to "identify its trade secrets with particularity", "cannot show he had a valid noncompete", or that committed any violations by selling to companies that also purchased propane from Kiva.[7] Morse asks the court to stop the fishing expedition in which Kiva is engaged as their discovery requests require "voluminous information from both defendants."[8] Kiva counters arguing it has adequately identified its trade secrets and discovery should not be stayed.

## LEGAL STANDARD

"District courts 'have broad discretion in deciding whether to issue a stay of discovery.'"[9] The movant seeking a stay "must make a strong showing of necessity because the relief would severely affect the rights of others."[10] "That is, 'if even a fair possibility exists that the stay would damage another party,' the movant 'must demonstrate a clear case of hardship or inequity.'"[11] Therefore, "[t]he party seeking a stay generally faces a difficult burden."[12] "The

---

[5] Utah Code Ann. § 13-24 et seq.

[6] Second Amended Complaint ¶¶ 27-35, 57-61.

[7] Defendant Morse's Motion for Summary Judgment and to Stay Discovery at 13, ECF No. 89.

[8] *Id.*

[9] *Classic Aviation Holdings LLC v. Harrower*, (quoting *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-CV-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015) (citation modified).

[10] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484, 1983 WL 995143 (10th Cir. 1983).

[11] *Classic Aviation*, 2021 WL 633587, at *2 (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

[12] *White Knuckle*, 2015 WL 5022579, at *1 (citation modified).

mere pendency of a dispositive motion, in and of itself, is generally not sufficient to support the issuance of a stay."[13]

## ANALYSIS

Defendant fails to make the requisite strong showing to justify staying discovery. Morse argues Kiva has not identified its trade secrets with particularity and therefore, a stay is needed to stop its fishing expedition. Defendant relies on the wrong standard for identifying trade secrets under the Utah Trade Secrets Act (UTSA).[14] The Utah Supreme Court has held that "there is no 'particularity' requirement" under the UTSA.[15] Thus, a plaintiff is "not required to identify its trade secret with particularity,"[16] Rather, the normal Rule 8 pleading standard applies.

In opposition to Defendant's Motion, Kiva provides its trade secrets include customer names, points of contact, addresses, telephone numbers, email address, knowledge regarding customers' preferences regarding the frequency, location and types of deliveries, and future plans regarding purchases.[17] This is enough to satisfy the UTSA standard for disclosing trade secrets.

Kiva also brings a claim under the Defend Trade Secrets Act of 2016 (DTSA).[18] Kiva argues the DTSA's pleading requirements are the same without citing to any authority. In *Quest Sol., Inc. v. RedLPR, LLC*,[19] this court noted that "Federal courts typically require identification of a trade secret with reasonable particularity or sufficient definiteness" and then compared this

---

[13] *Martin v. SGT Inc.*, No. 2:19-CV-00289, 2019 WL 12043488, at *1 (D. Utah Aug. 21, 2019).

[14] Utah Code Ann. § 13-24 et seq.

[15] *USA Power*, 2016 UT 20, ¶ 48, 372 P.3d 629, 649; see also *Surgenex, LLC v. Predictive Therapeutics, LLC*, 462 F. Supp. 3d 1160, 1171, 2020 WL 2736120 (D. Utah 2020 (applying the normal Rule 8 pleading standard);

[16] *Id.*

[17] *See* Plaintiff Kiva United Energy Inc.'s Opposition at 13, ECF No. 104.

[18] 18 U.S.C. § 1836 et seq.

[19] No. 2:19-CV-437-CW-DBP, 2021 WL 1688644, at *2 (D. Utah Apr. 28, 2021)

to the different approach applied by Utah.[20] In the instant matter the court need not decide whether the DTSA requires a heightened standard of disclosure for trade secrets in contrast to the UTSA or whether Kiva has met that standard for two reasons. First, Defendant has not demonstrated a clear case of hardship or inequity if discovery moved forward. General assertions of the burdens associated with discovery are insufficient. Second, even if the court finds Morse's arguments well taken, Kiva has made an adequate showing under the UTSA to allow discovery to move forward. Thus, there is no basis to grant Defendant's Motion to Stay Discovery.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED.

IT IS SO ORDERED.

DATED this 21 November 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[20] *Id.*