THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KIVA UNITED ENERGY,<br><br>    Plaintiff,<br>v.<br><br>FLASHPOINT ENERGY PARTNERS, LLC; and BRANON MORSE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-250 TC DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are several discovery motions filed by the parties. Plaintiff Kiva United Energy seeks to compel Defendants' Flashpoint Energy Partners responses to its interrogatories and requests for production.[1] Kiva also moves the court to compel discovery from Defendant Brannon Morse requiring responses to interrogatories and requests for production.[2] Flashpoint seeks an order from the court quashing the notice of deposition of Cody Jackson and requesting a protective order.[3] Flashpoint also makes the same request—quashing the notice of deposition and obtaining a protective order—for the noticed deposition of Christopher Cox.[4] The court addresses the motions herein.[5]

---

[1] ECF No. 83.

[2] ECF No. 84.

[3] ECF No. 90.

[4] ECF No. 107.

[5] Defendant Brannon Morse also moves the court for a stay of discovery. ECF No. 89. That motion is addressed in a separate order.

## BACKGROUND

The backdrop for this case lies in the wholesale propane supplier industry, which according to the parties is extremely competitive and sensitive to price volatility. Kiva maintains certain proprietary information and trade secrets to help it compete in this industry. These include among other things, customer lists, contacts, and pricing strategies.

Defendant Brannon Morse worked for Kiva in a variety of positions. Kiva claims Morse signed confidentiality and non-compete agreements that he has allegedly violated after leaving Kiva and going to work for Flashpoint. Kiva further claims Morse violated the Defend Trade Secrets Act of 2016,[6] and Utah Uniform Trade Secret Act.[7] Plaintiff's Second Amended Complaint clarifies that the breach of contract claim against Morse arises out of a confidentiality agreement he signed in July 2009.[8]

To date, the parties have been vehemently engaged in litigation and disagreements over many matters. Defendant Morse has also filed a motion for summary judgment.

## LEGAL STANDARD

"As a general rule, discovery rulings are within the broad discretion of the trial court."[9] Broad discretion allows a trial court to effectively manage its docket.[10] As long as a court does not make "a clear error of judgment or exceed[] the bounds of permissible choice in the circumstances," a court's "decision on discovery matters will not be disturbed" on review.[11]

---

[6] 18 U.S.C. § 1836 et seq.

[7] Utah Code Ann. § 13-24 et seq.

[8] Second Amended Complaint ¶¶ 27-35, 57-61.

[9] *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

[10] *See White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015).

[11] *Id*. (citation modified).

Federal Rule 26 governs discovery. The rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[12]

## DISCUSSION

### I. The Related Discovery Motions

Three of the discovery motions filed by the parties are closely related. First, Kiva seeks to have Flashpoint produce "(1) certain communications involving Cody Jackson, Flashpoint's Supply Director who was previously Kiva's Supply VP…; (2) data form Flashpoint's sales to Kiva's customers; and (3) Defendant Morse's compensation from Flashpoint."[13] Separately, Kiva filed a short form discovery motion to compel Brannon Morse's responses to Kiva's interrogatories and requests for production.[14] And Defendant Flashpoint, moves the court to quash the deposition notice of Cody Jackson and seeks a protective order pertaining to discovery concerning Mr. Jackson.[15] Mr. Jackson is not a party to the current litigation. However, Kiva alleges he was involved in the recruitment of Defendant Brannon Morse, and this recruitment may have led to Mr. Morse to breaching his obligations to Kiva.

Fundamentally at the core of each of these disputes, is a disagreement over the scope of discovery. A party may "obtain discovery regarding any nonprivileged matter that is relevant to

---

[12] Fed. R. Civ. P. 26(b)(1) Scope in General.

[13] Kiva's Short Form Discovery Motion to Compel Flashpoint's Responses at 2, ECF No. 83.

[14] Kiva's Short Form Discovery Motion to Compel Brannon Morse's Responses, ECF No. 84.

[15] Flashpoint Motion to Quash Deposition of Cody Jackson, ECF No. 90.

any party's claim or defense and proportional to the needs of the case ….".[16] Yet, even under this broad standard, parties may not engage in a "fishing expedition" attempting to obtain evidence in support of their claims or defenses.[17]

Kiva first seeks discovery regarding Mr. Jackson, specifically as to Request for Production (RFP) 1-2, 4, 6, 9, 19, and Interrogatory 6. Kiva argues this is "relevant to Flashpoint's involvement in Morse's breach of his obligations to Kiva."[18] In response Flashpoint provides that it has already responded to the requests in compliance with the Federal Rules, the Jackson information is not relevant to Brannon Morse, and the requests "clearly focus on the non-party Jackson and not on any claim or issue in this case."[19]

The court agrees with Flashpoint that much of the discovery sought concerning Mr. Jackson fits within the objectionable fishing expedition category. For example, Interrogatory 6 seeks "all of the roles and responsibilities Flashpoint intended to be performed by Jackson when he was initially recruited by Flashpoint …."[20] This request is neither relevant nor proportional to the issues in this case. Other examples include RFP 4 that requests all documents "evidencing, reflecting, or relating to Communications between Flashpoint and Jackson in the period from November 1, 2022 until the date Jackson commenced employment with, or providing service to, Flashpoint."[21] RFP 6 that seeks all documents relating to the Jackson confidentiality agreement. RFP 9, which requests, all documents "evidencing, reflecting, or relating to communications

---

[16] Fed. R. Civ. P. 26(b)(1).

[17] Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1169 (10th Cir. 2020) (finding that "defendants' compliance was sufficient and the likely benefit of any further attempted fishing expedition would be negligible").

[18] Kiva's Short Form Discovery Motion to Compel Flashpoint's Responses at 3.

[19] Flashpoint's Opposition to Kiva's Short Form Discovery Motion to Compel Flashpoint's Responses at 3, ECF No. 87.

[20] ECF 87-1 at 2.

[21] ECF 87-1 at 4.

between Jackson and any Customer listed on Exhibit A from November 1, 2022 to the present."[22] And RFP 19 that seeks all documents "evidencing, reflecting, or referencing Communications involving Jackson, occurring since January 1, 2022, that relate to Kiva."[23] Mr. Jackson is a non-party and the court is not persuaded that these requests are relevant to Mr. Morse's alleged breaches of his obligations. The connection is too attenuated especially when it seeks Mr. Jackson's confidentiality agreement or his communications with Kiva.

RFP 1 requests all "documents evidencing, reflecting, relating to Flashpoint's recruitment, solicitation, and/or hiring of, Morse, Jackson, or any Kiva employee to work for or perform service for You."[24] To the extent it seeks all documents relating only to Jackson, the court is not persuaded that it is relevant to this case. However, discovery relating to Jackson's or Flashpoint's recruitment, solicitation, and or hiring of Morse are relevant and are to be provided. Flashpoint has provided "Bates No. 000241 to 00350."[25] Flashpoint is to update their production to include discovery pertaining to Jackson's or Flashpoint's contacts to Morse.

RFP 2 seeks all documents "evidencing, reflecting, or relating to Communications between Jackson and Morse in the period from November 1, 2022 until the date Morse commenced employment with, or began providing services to, Flashpoint."[26] In response, Flashpoint provides that it "has agreed to search for documents responsive to this request."[27] The court finds this RFP is relevant to Plaintiff's claims and Flashpoint is ordered to produce the requested discovery within thirty days from the date of this order.

---

[22] ECF No. 87-2 at 5.

[23] ECF No. 87-2 at 7.

[24] ECF No. 87-2 at 3.

[25] *Id*

[26] ECF No. 87-2 at 3.

[27] *Id*.

Next, Kiva asserts Flashpoint refuses to produce its net revenues and transaction dates from sales to Kiva customers because lability has not been established. Flashpoint has provided the net gallons sold to specific buyers. Here the court agrees with Kiva. Discovery has not been bifurcated, and Flashpoint is ordered to provide the information requested in Interrogatory 8 including net revenues and transaction dates from sales to Kiva customers. The information is protected by the protective order in this case.

The next dispute between the parties revolves around Morse's compensation. Kiva seeks Morse's compensation via RFP 7 and has filed a separate short form discovery motion seeking to compel Morse to produce documents "reflecting his salary, commission rate, signing bonus, and incentive bonus received from Flashpoint."[28] Kiva argues the information is relevant to "Flashpoint's expectations and valuation of Morse's knowledge gained at Kiva and Morse's anticipated sales to Kiva customers."[29] For example, according to Kiva, a low compensation primarily based on sales would indicate that time was needed for Morse to establish a customer base. In contrast, a high starting salary package would presumably place value on the knowledge Morse had about Kiva's customers and business plans.

The asserted relevance of Morse's compensation structure to his alleged use of Kiva's trade secrets is too speculative. Kiva offers no authority supporting this request and the court is not persuaded that it should be produced. This discovery request appears designed to embarrass or harass Morse and is an attempt to learn a competitor's pay structure. The court denies Kiva's Motion for this discovery.

---

[28] Kiva's Short Form Discovery Motion to Compel Brannon Morse's Responses, at 2.

[29] *Id.* at 3.

Finally, Flashpoint seeks to quash the deposition notice for Cody Jackson and for a protective order.[30] Flashpoint raises similar arguments it did in opposition to the discovery requested from Cody Jackson. That the requested information is neither relevant nor calculated to lead to the discovery of admissible evidence and is not proportional to the needs of this case. Kiva argues the information is relevant and central to its case. This includes Flashpoint's recruitment of Morse from Kiva, and Flashpoint's strategies in the Western United States that Kvia asserts Flashpoint did not use prior to hiring Jackson and that Jackson learned at Kiva.

There is a distinction between discovery specifically aimed at Jackson and discovery aimed at Jackson's recruitment of Morse. As noted above, the RFPs that seek discovery related to the alleged recruitment are relevant while discovery solely aimed at Jackson, a non-party, are not relevant on their face. Kiva seeks discovery in Jackson's deposition related to the recruitment of Morse from Kiva. That discovery is relevant. And this type of discovery is not designed to embarrass, annoy, oppress, or provide an undue burden making a protective order unnecessary. However, there is a line between the relevance of that type of discovery and seeking to obtain all communications between Jackson and Flashpoint or all documents relating to Jackson's confidentiality agreement. In short, the court will permit the deposition of Jackson to move forward based on the possible relevance of certain discovery. However, the court expects counsel to toe the line between what is relevant and what is not relevant. The court therefore will deny Flashpoint's Motion to Quash the Deposition Notice and Protective Order for Cody Jackson.

---

[30] Flashpoint Motion to Quash Deposition Notice and Protective Order for Cody Jackson, ECF No. 90

## II.  Flashpoint's Motion to Quash Deposition Notice of Christopher Cox and its Corporate Representative and for a Protective Order

Flashpoint opposes Kiva's efforts to depose Christopher Cox and Flashpoint's corporate representative. Flashpoint requests the depositions be held after the court rules on the Morse Summary Judgment Motion. Kiva responds that it needs these depositions to help it oppose the Motion for Summary Judgment. Specifically, Kiva claims the deposition of Flashpoint's 30(b)(6) witness and Cox "will provide evidence that Flashpoint and Morse unlawfully used Kiva's trade secrets, including Kiva's customer contact information" and other trade secrets.[31]

Although it is true that a court controls the sequence, timing, and methods of discovery,[32] Flashpoint fails to persuade the court that the depositions should not move forward. As noted by Flashpoint, the underlying purpose of the Federal Rules is to construe and administer them to "secure the just, speedy, and inexpensive determination of every action and proceeding."[33] Although there may be potential cost savings by delaying the depositions, any such savings has to be balanced against the just and speedy principles also found in the Rule. And here, the court finds the depositions should proceed and there is no good cause to enter a protective order.

## ORDER

For the foregoing reasons the court orders as follows:

Kiva's Short Form Discovery Motion to Compel Flashpoint's Responses is DENIED in PART and GRANTED in PART as set forth above.[34]

---

[31] Kiva's Opposition to Flashpoint's Motion to Quash and for Protective Order at 3, ECF No. 3.

[32] Fed. R. Civ. P. 26(d)(3).

[33] Fed. R. Civ. P. 1.

[34] ECF No. 83.

Kiva's Short Form Discovery Motion to Compel Brannon Morse's Responses is DENIED.[35]

Flashpoint's Motion to Quash Deposition Notice to Cody Jackson and for Protective Order is DENIED as set forth above.[36]

Flashpoint's Motion to Quash Deposition Notice of Christopher Cox and Flashpoint's corporate representative and for a protective order is denied.[37]

Finally, the court finds no basis to award either party attorney fees or costs in bringing or responding to motions. It is a lack of coordination and cooperation by all parties that has given rise to the current disputes. Thus, all requests for attorney fees or costs are DENIED.

IT IS SO ORDERED.

DATED this 21 November 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[35] ECF No. 84.
[36] ECF No. 90.
[37] ECF No. 107.