THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KIVA UNITED ENERGY,<br><br>                    Plaintiff,<br><br>v.<br><br>FLASHPOINT ENERGY PARTNERS, LLC;<br>and BRANON MORSE,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-250 TC DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

On March 17, 2026, Judge Campbel denied Defendant's Motion for Summary Judgment without prejudice and granted Plaintiff's Motion under Federal Rule 56(d) allowing additional time to conduct discovery (March 17th Order).[1] In that order, all "outstanding discovery motions" were referred to the undersigned with the additional instruction to "put in place a discovery schedule that allows for the timely resolution of this litigation."[2] As set forth herein, the court addresses each of the outstanding discovery motions and further orders the parties to meet and confer and submit to the court a proposed amended schedule.

**BACKGROUND**

The backdrop for this case resides in the wholesale propane supplier industry, which according to the parties is extremely competitive and sensitive to price volatility. Kiva maintains certain proprietary information and trade secrets to help it compete in this industry. These include among other things, customer lists, contacts, and pricing strategies. Importantly, in the

---

[1] Memorandum Decision and Order Granting Plaintiff's Motion for an Order under Rule 56(d) and Denying Defendant's Motion for Summary Judgment, dated March 17, 2026. ECF No. 148.

[2] *Id.* at 14.

March 17th Order, the court found "Kiva has sufficiently identified its claimed trade secrets at this stage of the litigation."[3]

Defendant Brannon Morse worked for Kiva in a variety of positions. Kiva claims Morse signed confidentiality and non-compete agreements that he has allegedly violated after leaving Kiva and going to work for Flashpoint. Kiva further claims Morse violated the Defend Trade Secrets Act of 2016,[4] and Utah Uniform Trade Secret Act.[5]

To date, the parties have been fiercely engaged in litigation and disagreements over many matters. However, as noted in the March 17th Order, the "court will not entertain additional piecemeal litigation in this matter."[6]

## LEGAL STANDARD

"As a general rule, discovery rulings are within the broad discretion of the trial court."[7] Broad discretion allows a trial court to effectively manage its docket.[8] As long as a court does not make "a clear error of judgment or exceed[] the bounds of permissible choice in the circumstances," a court's "decision on discovery matters will not be disturbed" on review.[9]

Federal Rule 26 governs discovery. The rule states:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

---

[3] *Id.* at 8.

[4] 18 U.S.C. § 1836 et seq.

[5] Utah Code Ann. § 13-24 et seq.

[6] March 17th Order at 14 (emphasis added).

[7] *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

[8] *See White Knuckle, IP, LLC v. Electronic Arts Inc.*, No. 1:15-cv-00036, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015).

[9] *Id.* (citation modified).

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[10]

## DISCUSSION

### I.      Motion to Compel Brannon Morse's Compliance with the Court's Order[11]

Kiva seeks to compel Defendant Brannon Morse's compliance with this court's order denying Morse's Motion to Stay Discovery. Specifically, Kiva seeks production of Morse's text messages with certain Kiva customers after he left Kiva. Kiva also seeks to take his deposition.[12]

In opposition Morse primary relies on an objection to the order that Kiva seeks to enforce. That objection is now denied. As such there is no basis for Morse to continue to withhold the requested discovery. Kiva's Motion is GRANTED and the parties are to work together to schedule Morse's deposition within forty-five (45) days from the date of this order. The requested discovery is to be produced within thirty (30) days of the date of this order.

### II.     Amended Motion for Extension of Time to Comply with Discovery Order[13]

In this Motion, Flashpoint "seeks a ninety (90) day extension of time to comply with this Court's November 21, 2025 Order requiring production of certain discovery by December 21, 2025."[14] In support of its request, Flashpoint cites to the amount of discovery it is producing in this supplemental production and the need to assess relevancy, privilege, and redaction in the documents. In opposition, Kiva points to the history behind the discovery dispute arguing the

---

[10] Fed. R. Civ. P. 26(b)(1) Scope in General.

[11] ECF No. 133.

[12] This concerns request for production numbers 9 and 11 served by Kiva. "Kiva served Requests for Production to Morse on September 8, 2024, which included RFP Nos. 9 and 11 seeking Morse's text messages with certain Kiva customers after he left Kiva." Plaintiff Kiva's Short Form Discovery Motion at 2, ECF No. 133.

[13] ECF No. 135.

[14] Defendant Flashpoint Energy Partners, LLC's Amended Motion for Extension of Time to Comply with Court-Ordered Discovery, at 2, ECF No. 135.

requested extension will prejudice Kiva and impact the then pending motion for summary judgment and Rule 56(d) motion.

Based upon the court's March 17th Order, this Motion is now MOOT. Flashpoint is to produce any remaining discovery that is the subject of this Motion within thirty (30) days from the date of this order. Moreover, given the passage of time from the deadline, there should not be any need for additional extensions.

### III.    Motion for Short Form Discovery re: Compel Flashpoint's Compliance with this Court's Order[15]

This Motion filed by Kiva also pertains to the motion for summary judgment and Rule 56(d) motion that the court addressed in its March 17th Order. Kiva seeks "an order directing Flashpoint to produce the documents set forth in RFP Nos. 1, 2, 8, 12-14, 18 and Interrogatory No. 8 … and to make its witnesses available for deposition within 10 days of the Court's order, or at other dates as agreed by the parties."[16]

In opposition, Defendant asserts the requested timeline from Kiva to respond to its discovery requests is practically impossible and the discovery at issue is not critically relevant to the motion for summary judgment and Rule 56(d) motion.

Once again, based on the court's March 17th Order, this Motion is largely MOOT. However, to the extent there remains any outstanding discovery that pertains to these requests, it is to be produced within thirty (30) days of the date of this order. Further, the parties are to work together to schedule the depositions in a timely manner.

---

[15] ECF No. 141.

[16] Plaintiff Kiva United Energy Inc.'s Short Form Discovery Motion to Compel Flashpoint, ECF No. 141.

**ORDER**

For the foregoing reasons:

Kiva's Motion to Compel Brannon Morse's Compliance with the Court's Prior Order is GRANTED.[17] The requested discovery is to be produced within thirty (30) days from the date of this order. The parties are to work together to schedule Morse's deposition within forty-five (45) days from the date of this order.

Flashpoint's Amended Motion for Extension of Time[18] and Kiva's Motion for Short Form Discovery re: Compel Flashpoint's Compliance with this Court's Order[19] are MOOT. To the extent that there remains outstanding discovery that pertains to those motions, it is to be produced within thirty (30) days from the date of this order.

IT IS FURTHER ORDERED that the parties are to MEET AND CONFER and propose to the court within thirty (30) days from the date of this order, a new schedule that allows for the timely resolution of this litigation. It is now time for the parties to use their energy and efforts in completing the discovery process rather than in piecemeal litigation.

IT IS SO ORDERED.

DATED this 25 March 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[17] ECF No. 133.

[18] ECF No. 135.

[19] ECF No. 141.